————o————

ANN E. MILLER, *et al.*, Plaintiffs in Error, *vs.* JOHN EARLY, Defendant in Error.

1. Miller vs. Bledsoe, 61 Mo. 96, affirmed.

*Appeal from Franklin County Circuit Court.*

This is an action of ejectment, brought by some twenty plaintiffs who are either heirs or grantees of heirs of Richard Caulk, deceased, to recover forty acres of land in Franklin county. On the trial, the plaintiffs showed title to the premises in themselves. The defendant having pleaded the statute of limitations as a bar to the action, showed possession for more than the period of limitations.

It appeared from the evidence that some of the plaintiffs were barred by the statute, and the others were not. The court gave an instruction, in substance, that upon this state of facts none of the plaintiffs could recover.

The verdict was for the defendant. Plaintiffs filed their motion for a new trial, which was overruled ; and they then tendered their bill of exceptions, which was signed, and brought the case here by writ of error.

*A. McElhinney*, for Plaintiffs in Error, cited : Miller vs. Bledsoe, 61 Mo. 96 ; Same vs. McClure, Ib. 248 ; Same vs. English, Ib. 444.

*James Halligan*, for Defendant in Error.

In Miller vs. Bledsoe, 61 Mo. 96, the learned judge, who delivered the opinion of the court, seems to have overlooked the fact that Walker vs. Baker (32 Mo. 145) was commenced in 1851, and hence was governed by the act of 1849.

The case should have been dismissed as to those barred, and proceeded with as to those who were not. (Pruill vs. Walker, 38 Mo. 94.)

HENRY, Judge, delivered the opinion of the court.

The identical questions presented by the record herein were determined in this court in the case of Miller vs. Bledsoe. (61 Mo. 96.)

The only difference in the facts of the two cases, is, that in Miller vs. Bledsoe, Alton Long made a deed of bargain and sale, with the usual warranty, to one Hendricks, for the land in controversy in that suit, and in this, Alton Long and wife, and afterwards their heirs, conveyed the forty acres in dispute, in the case at bar, to one Boatright, who conveyed to Whitsett, who conveyed to defendant.

Both tracts were included in the patent from the United States to Richard Caulk's heirs.

With the concurrence of the other judges, the judgment is reversed and the cause remanded.